IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LORI CHAVEZ-DEREMER<br>*In her capacity as Secretary of Labor*<br>*for the United States Department of Labor*<br><br>v.<br><br>SPRING OF LIFE HEALTHCARE, LLC,<br>and JUSTINE NJAFUH,<br><br>*Defendants.* | Case No. 1:25-cv-00925-AJT-LRV |

## **ORDER**

Before the Court is Plaintiff Lori Chavez-DeRemer's Motion for Default Judgment, [Doc. No. 12] (the "Motion") against Defendants Spring of Life Healthcare, LLC and Justine Njafuh. On December 23, 2025, the Magistrate Judge issued a Report and Recommendation [Doc. No. 19] (the "R&R") recommending that (1) a default judgment be entered in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $486,919.88, comprising $243,459.94 in back wages and $243,459.94 in liquidated damages; (2) an order that the Secretary, through the Wage and Hour Division, distribute any damages to the employees listed in Schedule A, or to their estates, if necessary; and (3) an injunction enjoining Defendants and anyone acting on their behalf or within their control from directly or indirectly soliciting or accepting the return or refusal of any sums under this Judgment.

Plaintiff has filed a timely request for two additional forms of equitable relief: (1) a restitutionary injunction against Defendants under 29 U.S.C. § 217 from withholding $243,459.94 in back wages due to the employees identified in Schedule A, attached to the Complaint, [Doc. No. 1-1], in the amounts set forth in Exhibit C to the Motion; and (2) a permanent injunction from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5), of the Act. [Doc. No. 21].

Having conducted a *de novo* review of the record, the Court adopts and incorporates the findings and recommendations of the Magistrate Judge in full, and further finds Plaintiff's request for additional equitable relief warranted and appropriate. Accordingly, it hereby

**ORDERED** that Plaintiff's Motion for Default Judgment [Doc. No. 12] be, and the same hereby is, GRANTED; and it is further

**ORDERED** that a judgment be ENTERED in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $486,919.88, comprising $243,459.94 in back wages and $243,459.94 in liquidated damages. For payments related to the back wages and liquidated damages, Defendants shall pay online by ACH transfer, credit card, or debit card by going to by going to https://www.pay.gov/public/form/start/77689032 or www.pay.gov. Alternatively, Defendants may provide a certified check, bank check, or money order made payable to "Wage and Hour Division-Labor," bearing "Case ID# 1997009," and mailed to: U.S. Department of Labor, Northeast Regional Office, Wage and Hour Division, 1835 Market Street, 19th Floor, Mailstop WHD/19, Philadelphia, PA 19103-2968; and it is further

**ORDERED** that the Secretary, through the Wage and Hour Division, DISTRIBUTE any damages to the employees listed in Schedule A, [Doc. No. 1-1], or to their estates, if necessary. Any sums not distributed to the employees on Schedule A, or to their estates, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the United States under 29 U.S.C. § 216(c). Defendants shall remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, Federal Insurance Contribution Act ("FICA") taxes; and it is further

**ORDERED** that Defendants, their agents, servants, employees, and all persons acting or claiming to act on their behalf or within their control, be, and the same hereby, are ENJOINED and RESTRAINED from directly or indirectly soliciting or accepting the return or refusal of any

sums under this Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.

**ORDERED** that Defendants, their agents, servants, employees, and all persons acting or claiming to act on their behalf or within their control, be, and the same hereby, are permanently ENJOINED and RESTRAINED from withholding the payment of back wages to the individuals listed in Schedule A; and it is further

**ORDERED** that Defendants, their agents, servants, employees, and all persons acting or claiming to act on their behalf or within their control be, and the same hereby, are permanently ENJOINED and RESTRAINED from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5), of the Act in the following manner:

(i) Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any of their employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, for workweeks longer than those prescribed by Section 7 of the Act, unless the employees receive compensation for their employment in excess of the maximum hours prescribed by the aforesaid sections at rates not less than one and one-half times the regular rates at which they are employed.

(ii) Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, fail to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment they maintain.

The Clerk is directed to enter judgment, in accordance with this Order, in favor of Plaintiff and against Defendants Spring of Life Healthcare, LLC and Justine Njafuh pursuant to Fed. R. Civ. P. 58 and to forward copies of this Order to all counsel of record.

Alexandria, Virginia  
January 22, 2026

_____  
Anthony J. Trenga  
United States District Judge